```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
```

| | |
|---|---|
| KEVIN WAFFORD, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|   v. | )    No. 4:07CV827(FRB) |
| | ) |
| DAVID BOSLER, et al., | ) |
| | ) |
|        Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Kevin Wafford (registration no. 12153), a prisoner at the St. Louis City Justice Center (SLCJC), for leave to commence this action without payment of the required filing fee [Doc. #2].

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner will be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant informs the Court that he has requested, but been unable to obtain, his account statement from jail officials. Accordingly, the Court will assess an initial partial filing fee of $0.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 ( 2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff seeks damages for alleged violations of his constitutional rights. Named as defendants are David Bosler, a

City of St. Louis police officer; the St. Louis City Police Department; and the St. Louis Circuit Attorney. Briefly, plaintiff alleges that on or about September 28, 2006, he was falsely arrested without probable cause by defendant Bresler on a robbery charge. Plaintiff asserts that the arrest was constitutionally faulty because the description of the perpetrator given by the alleged victim of the robbery was that of a subject "6ft. tall and dark complexion." Plaintiff states that he is "5'4", 135lbs, [and] light complexion." Plaintiff claims that the St. Louis City Police Department "did not stop . . . the arrest although the department was aware of the description being different." The complaint further states that the "Circuit Attorney's Office . . . reviewed the information . . . yet [still] issu[ed] arrest warrants" against him.

**Discussion**

Plaintiff's claims against defendant Bosler regarding false arrest survive review under § 1915(e)(2)(B) and should not be dismissed as this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that the defendant Bosler reply to these claims.

Plaintiff's claim against the defendant City Police Department and the defendant Circuit Attorney, however, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). First, the Circuit Attorney is absolutely immune from damages under § 1983 for initiating criminal prosecutions and presenting the state's evidence. Imbler v. Pachtman, 424 U.S. 409, 431-32 (1976); White

3

v. Bloom, 621 F.2d 276, 280 (8th Cir. 1980).

Second, the Board of Police Commissioners (Board) governs the St. Louis Metropolitan Police Department. See Mo. Rev. Stat. §§ 84.010 - 84.340; Best v. Schoemehl, 652 S.W.2d 740 (Mo. App. 1983). Only the members of the Board may be sued in actions against the department itself, and only in a specific style. American Fire Alarm Co. v. Board of Police Commissioners, 285 Mo. 581 (1920); Best v. Schoemehl, 652 S.W.2d at 742. Therefore, plaintiff's claim against the "St. Louis City Police Department" should be dismissed because it is not a suable entity.

Finally, because it appears that plaintiff has filed his "false arrest" claim before he has even been convicted, the Court notes the possibility of staying this civil action until the criminal case is ended. See Wallace v. Kato, 549 U.S. ___, 127 S.Ct. 1091, 1098 (2007).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $0.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants St. Louis City Police Department and St. Louis City Circuit Attorney because the claims against these defendants are legally frivolous or fail to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Bosler.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order shall accompany this order and memorandum.

Dated this 18th day of July, 2007.

*[signature: Stephen N. Limbaugh]*
_____
SENIOR UNITED STATES DISTRICT JUDGE